Blumenshine against Bloomington School District No. 57 is next for argument. Mr. Baker. Good morning. May it please the court. Mr. Jacobs. My name is John Baker. I am here today on behalf of Tanya Blumenshine asking that this court reverse a grant of summary judgment that was issued by the Central District of Illinois. The first issue that I would like to briefly address is some intervening case law that has been decided by the United effectively overturned a lot of the case law in this circuit and many other circuits on the question of is a job transfer, a lateral job transfer, is that sufficiently problematic to state a claim under Title VII. And this court, of course, had always historically ruled that it's not a lateral job transfer under Title VII and other employment law statutes was insufficient. Counsel, I don't see what that case has to do with this. The reason your client lost is the district judge concluded there is no evidence that age led to, that is caused, any of the things about which your client complains. That's what you need to address now. And Judge Easterbrook, I think, I think that you're correct. I think of all of the different issues that is the most consequential. So when we look to the question of causation and I think that opposing counsel will point out that there were no statements of age, no suggestion that it was actually age that was uttered by the defendants. That's not the only way that these sorts of cases are established in this circuit. One of the things that this court has looked at, and this has been done over the last 10 or 15 years, but it's taken a holistic approach and looked at the justifications that have been offered by defendants and assess whether those are worthy of credence. And so what we have here, and this goes to the transfer decision that was initially made. And this is one of the problems that I have with the district court's opinion. The district court accepts the statements of the school district in this case as to what happened during this transfer meeting. Now that is inconsistent with what my client said during her deposition and has said throughout. When she was transferred, she testified that the reason for the transfer was because of disrespect. The school district principal said, you are being transferred because of disrespect. That's what my client says she was told. But what does that have to do with age? Well, Your Honor, it's not direct evidence of age. Your problem is that this is not labor arbitration. You have to show that a prohibited characteristic was the but-for cause of the action. And that's where the district court found that the claim failed. And that's where you need to focus your attention. Disrespect is not a violation of federal law. Sorry. No, disrespect isn't a violation of federal law, and that's not what I'm arguing. What I am arguing is she claims that's what was said. So we have to accept that she was told she was being moved for effectively disciplinary reasons. The district subsequently has maintained, no, disciplinary reasons were not the reasons for her removal. What they have alleged is they have alleged that she was removed because there was some other teacher who was struggling. Mr. Baker, I guess if I could follow up here. The problem, if I understand your argument, you're saying that because there's this factual disagreement about what reason was given, that's enough, in essence, nothing but pretext alone allows us to infer that some illegal motive tainted or caused the actions against your client, right? Judge Hamilton, I believe that inconsistent statements made by a defendant, yes, are sufficient to establish the causal component of the case. Just by itself. We're all familiar with the role that pretext plays under the McDonnell-Douglas analysis. But that requires a showing of other circumstances, too, which I don't think you've done here. And so the problem that I'm having is that if a pretext theory alone is enough to get to a jury, then it sounds like we're in the business of back to the so-called super personnel department. Any factual disagreement between an employee and employer about grounds for adverse actions becomes a sufficient basis for concluding that there was some federally prohibited motive. And Judge Hamilton, I understand that. I don't think that this is talking about a super – and I know the Court has said that over and over again – but this isn't a disagreement between the two parties on whether she was disrespectful. This is the district saying one reason why we are transferring you, and then later saying something different. So what they are doing is they are switching their justifications. So it's not as simple as just saying, oh, we're going to sit as a super personnel agency and say, were they right or wrong? That's not what we're asking. But when you look at that, when you look at them altering their decision, when they're changing their tune from one thing to another – and I think that we approach this issue, this case holistically, looking at all of the different actions collectively. I started out by focusing on the transfer, but I think that there are some other points that are relevant. So when we look to the failure to provide the support that was necessary – and again, it's not a direct statement – but when we look at the failure to provide the support that was necessary, my client had been there from September 1st, effectively, through maybe late August, through February 1st, despite repeated requests over and over again, comply with the IEP terms, comply with the IEP terms. They wouldn't do it. She leaves to go on – But why is that? Because of age, right? School districts are strapped. Resources are tight. They have to allocate resources. And I understand that your client admitted that other teachers also were affected, who were younger, were also not affected by – were also affected by the school district's decision not to give the resources, right? I don't think that's correct, Judge Maldonado. I don't think my client acknowledged that. And where I'm going with this is, three days after she goes on leave, all of a sudden, they can provide the resources that are necessary. Does it have to do with age? Again, the question is, what inferences can be drawn? And what you're relying upon is the statement that the district court came up with of, well, school districts are short on resources. Well, sure, maybe that's correct. And maybe that's something that a jury would agree with. But that's taking an inference away when they haven't explained why they were able to do it three days after she left, why all of a sudden they were able to accomplish that. And so when you look at all of these bits and pieces that, as we go on, the question isn't, do we establish that age was the primary motivation? That's not the question at this stage at summary judgment. That's the question at trial. The question here is, looking at these facts, taking a look at them holistically, as this court has instructed, looking at them holistically, could a jury reach that sort of a conclusion? Could it reach that conclusion that she was being discriminated against because of her age? And it seems as though what counsel is trying to argue is, look, you've got to have the statements. You've got to say, this is age-related, this is age-related. And that's clearly not the case here. We did not have the direct statements. And I'd like to turn to something that you mentioned, Judge Hamilton, about the McDonnell-Douglas burden shifting. Because you said effectively that, yeah, it seems as though we've skipped some of the prima facie case requirements just to skip straight ahead to pretext. I don't really think that that's true because our case was focused as a hostile work environment claim. And so the components of a hostile work environment claim, there are four of them. They have argued that there are two that we can't meet. The first one that they argued was that the actions were not sufficiently hostile to state a claim. The second one that they argued was the causal connection. So to me, I think that this court has said, maybe not so many words, but causal connection can be, the pretext analysis is relevant when we are talking about the causal connection. It's relevant. The question is whether it's sufficient by itself. Let's vary the facts here. Suppose same treatment is given to a white male who's 35 years old, or a black male who's 35 years old, or a woman who's 35 and is white. If I understand your position, that evidence in each of those cases would permit a jury to infer that race or sex was a determinative factor, was causing the adverse treatment. Yes. Without anything else? No. Just the evidence of a difference in the explanations given. That's enough. The evidence of the difference in the explanations and the other things that I pointed out to Judge Maldonado, not giving the relevant… I'm assuming all of the lack of support and so on, that all of the circumstances that your client says may be the work environment hostile, that would equally permit an inference that it was based on sex or race or religion, for that matter, or national origin, right? I would. That way, that seems utterly indeterminate to me. Well, but I think that it's consistent with what this Court has done. Let me point to a case that I'm familiar with because I did it. It was a case of Rudin versus Lincoln-Lange. I'm familiar with it. Sorry, Rudin? Rudin. Yeah, Ginny and Rudin versus Lincoln-Lange. Sorry. Okay. I was thinking of something else. No, no. But in that particular case, the Court looked at it. It was she had raised a gender and I believe it was age discrimination claim. No, it was gender and race discrimination claims. And evaluating it, the Court, when they found that the pretext analysis was off, said both claims are to go to trial. And so I think that that is an example. I don't have that in front of me, but I presume that was using the McDonnell-Douglas analysis? Yes and no. It was initially using the McDonnell-Douglas analysis, but it also approached it from the hybrid analysis. We look at the totality of the circumstances to determine whether something was motivated by race. And this is a case that goes back probably to 2005, so it goes back to the early days of that analysis, that type of analysis by this Court. Back when we talked about convincing mosaics. Convincing mosaics and the other heuristic elements. Sorry, Judge Easterbrook. Yes, yes. But to short-circuit everything, I think Judge Easterbrook is correct. This is a case about causation. I think on every other component we win. The issue is, is there sufficient evidence from which a jury could infer that it was because of age? That's the question. I think that there is sufficient evidence, and for that reason we would ask that the Court reverse and remand. I am getting into my rebuttal time, so if the panel has no additional questions for me right now, I will reserve the balance of my time. Certainly, Counsel. Mr. Jacobs. Good morning, Your Honors, and may it please the Court. My name is Mark Jacobs, and I represent Bloomington School District No. 87. The school district asks this Court to affirm the summary judgment granted by the District Court. The plaintiff has alleged a single count of age harassment, purportedly under the ADEA. That is all. There is no claim of age or any other form of discrimination, no harassment on any other basis. That's critical because the law, including Rudin, that Counsel attempts to argue is support for this purported tie and nexus to age, is all based on discrimination law and the analysis of pretext. As this Court has pointed out, the key and central issue, and as Counsel has said, is whether the appellant has established the necessary nexus between her age and treatment and the treatment she alleges to have suffered. The issue is more critical here because, as Judge Easterbrook has pointed out, plaintiff in this age case under the ADEA must establish that age was the but-for cause of the treatment. It is not enough for plaintiffs to simply show it was one factor or a primary factor. It must be the but-for factor for the appellant to win here. The District Court correctly answered both that question and the question of whether there was sufficient evidence to establish an objectively higher hostile work environment. in favor of the school district, and that decision was correct. If the Court agrees on either of those issues, then this Court should affirm the decision. The law in this circuit, as you've pointed out, we're not a super-personnel department, and this is a harassment and not a discrimination case. The plaintiff had the burden to establish four elements of the age discrimination claim, assuming for the moment that claim exists under Seventh Circuit case law. The failure to establish any one of those elements and the claim is doomed. The elements are that she was harassed. The unwelcome harassment was based on her age. The harassment was sufficiently severe or pervasive to alter the conditions of employment and a basis exists to hold the district liable. The appellant offers no evidence to tie the claim to the age. Judge Easterbrook, and I believe Judge Maldonado, in the first case before us, in the antitrust, the chicken antitrust case, asked the question of appellant at the beginning, what's the evidence in the record to establish something? That's the same question here, and the answer is there is none. Mr. Jacobs, can I ask you, in your brief, you're relying on, as I understand it, the McGowan affidavit that was submitted as part of your reply in the district court, and I look at that and your reply to plaintiff's additional material facts, and I see all these points where you seem to be disputing what the plaintiff is saying, and McGowan is disagreeing with the plaintiff's evidence. What's the point of disagreeing with the plaintiff's evidence in the motion for summary judgment? I guess the point is twofold. I think the primary point is that the district, there are allegations against the district that the district is troubled by and the district disagreed with and felt that it needed to be solved. But you're the ones who moved for summary judgment. Correct. Meaning you have to take the plaintiff's evidence at face value if it's admissible, right? Correct. So I understand, are you telling us for PR purposes you wanted to file an affidavit to dispute the plaintiff's allegations? I'm not going to say it's PR, but it's also the fact that, Your Honor, even if that's a disputed fact or even if plaintiff's allegations were true, it's not a material, it may be an issue of fact, but it's not a genuine issue of material fact because it's irrelevant to the analysis. The submission is ridiculously argumentative because it basically says everything she says is immaterial because we win. And that's not helpful, the way these rules work. But I understand the point. If she's making assertions that the evidence does not support or the supporting evidence is not admissible, that's a good answer. But the rest of this stuff is just a waste of time and distracting for all the judges who have to look at it. On a related note, in your brief, you were relying on the relatively advanced ages of a Mr. Riley and a Hamill, is that right? Mr. Herschel Hanna. And I guess I'm struggling with why their ages are relevant on a motion for summary judgment. I think that similar to the plaintiff's claim of the whole mosaic of the case, I think it is relevant. This court has held that it is relevant evidence. You don't win a motion for summary judgment on that evidence, agree?  Okay. Thank you. Thank you. The plaintiff admits at page 39 of the brief, as she did in the district court, that this case is somewhat unique because there's no specific references to age. That statement is true, but in our opinion, it is gross understatement. There is no evidence of any age-related statements, comments, actions, remarks, conducts, behavior, nothing. Nor is there anything in the record that would support it. And it is axiomatic that the law does not protect all workplace harassment, only harassment based on a protected category. The question that you, Judge Hamilton, asked, you're hypothetical towards the end of the argument. Your Honor, the answer is no. If the facts had all been different, if everything had been the same, but the person had been a younger white female or a younger white male or a younger whatever, there is not enough to create a claim under any of the discrimination laws. But particularly under the Age Discrimination and Employment Act because of the but-for causation requirement. And that's why the plaintiff's, the appellant's argument goes too far in this case. This court or any court could never grant summary judgment if we take appellant's argument at face value. Because if the appellant says A and the defendant says B, therefore only a jury trial can decide it. And that's not the standard and that certainly isn't the standard in a harassment case because in a harassment case they need to prove a prima facie case. And they haven't done so. They've established no evidence to create that prima facie case as opposed to in a discrimination case where if we're using the McDonnell-Douglas... I don't understand this. Different terms and conditions of employment, that's what you're calling harassment, is a form of discrimination. If it weren't, it wouldn't be actionable at all. So in what way would one distinguish a harassment case from a discrimination case? The way a discrimination case and a harassment case are different are twofold. First, it's what the plaintiff pleads. The plaintiff pled a harassment case. Well, harassment is not a violation of federal law. What is a violation of federal law is age discrimination. Differences in the terms and conditions of employment, that's what you're calling harassment, can be a form of discrimination. But if there is no discrimination, there is no case, there is no such thing as a harassment case without proving discrimination. That's why I don't understand what you're talking about. I apologize, Your Honor. I guess that although they may be under the same law, there is a different jurisprudence. No, there isn't. We abolished all of that in Ortiz. There is no different jurisprudence. There is one statute. There is one concept of discrimination. There are different ways in which discrimination can occur. Different wages, different terms of employment, such as are you being yelled at on the job all the time or not. There are lots of ways discrimination can occur. But they're all, if the plaintiff is going to win it all, the plaintiff has to show discrimination. I would submit that the prima facie case, for example, is different in the harassment cases. Are you back to the McDonnell-Douglas? Other than a McDonnell-Douglas theory, prima facie case doesn't exist after Ortiz. It's one of many things that just no longer is how we talk about these cases unless there's a McDonnell-Douglas claim, which I don't see here. There is no McDonnell-Douglas claim here, Your Honor. Your Honor, if there are no further questions at this time, the district court respectfully requests that you affirm the judgment. Mr. Baker, anything further? Thank you, Your Honors. I think that the court has distilled this down into the question of utilizing pretext evidence. Is that sufficient enough for this case to go to trial? I think that that's the bottom line question here, or what was traditionally considered, Judge Easterbrook, to be pretext evidence. These are inconsistent statements, misleading statements. I would also just very quickly to your question, Judge Hamilton, about the affidavit. Again, this contains all sorts of inconsistent statements because during her deposition, McGowan was asked, what concerns did you have about Blumenshine's job duties? She said, I didn't have any. There were none. She was a good teacher. They all said that during their depositions. In interrogatories, the same questions were asked. Then it's this reply brief that is filed on a Thursday, and the court grants summary judgment on Monday. These are, again, statements in her affidavit that I think agreeable are not only not useful, but they also could, if a jury were to credit Blumenshine's statements, create an issue of fact. One last point before I go. I disagree with the idea that my theory would allow for any employment case to get to a jury. I don't think that at all is correct. I think that you have to establish that there are, under my theory, you have to establish that there are some inconsistencies and not consistent statements by the employer. But I think that allows for a jury trial. With that said, if there are no questions, I would ask that the court reverse and remand this matter for a trial. I'll just note that the district court's unfortunate reference to the credibility of the defense testimony does at least raise eyebrows when we're reviewing a grant of summary judgment. That was my view as well. Thank you very much. We ask that you reverse. Thank you, counsel. The case is taken under advisement.